IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICO CORTEZ DUKES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2304-M-BK |
| | § | |
| DUKE MEHAL ROCKEFELLER, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On August 30, 2017, Plaintiff, a *pro se* litigant, initiated this lawsuit by filing a pleading titled "Criminal Complaint." The Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

The complaint is difficult to decipher and nonsensical. Plaintiff seeks to bring criminal charges against the family empire of Duke Mehal Rockefeller. Doc. 3 at 1. He cites various criminal statutes and complains of events in the 1960s, following the murders of John F. Kennedy, Martin Luther King, and "MX," whom he claims told "the American people the truth about the illegal tax of America and the secret society and secret codes." Doc. 3 at 2. He concludes by claiming that the Rockefellers were responsible for the murders of John F. Kennedy, Martin Luther King, and "MX," and that Duke Rockefeller ultimately confessed to being involved. Doc. 3 at 2.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's allegations are legally and factually frivolous.

Plaintiff's claims are clearly baseless, and he has failed to offer any legal authority in support of the claims he asserts. Insofar as he seeks to prosecute a criminal case against the named defendants, he lacks the authority to do so. The executive branches of the federal, state and local governments have exclusive jurisdiction to bring criminal charges. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v.*

*Guidry*, 75 Fed. App'x. 300, 300 (5th Cir. 2003) (*per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes).

Moreover, Plaintiff's allegations relating to the Rockefellers and the purported plot to murder a past president and two civil rights leaders are based on a factual scenario that is clearly irrational and incredible. *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as legally and factually frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that his claims are irrational and fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** October 11, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE